Filed 8/7/13  In re Gabriel B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re GABRIEL B., a Person Coming Under the Juvenile Court Law. | D063710 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14200C) |
| v. | |
| GABRIELA B., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Affirmed.

Terence M. Chucas, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Erica R. Cortez, Deputy County Counsel, for Plaintiff and Respondent.

Gabriela B. appeals the judgment terminating her parental rights to her two-and-one-half-year-old son, Gabriel B. She contends the court erred by declining to apply the sibling relationship exception (Welf. & Inst. Code, § 366.26, subd. (c)(1)(B)(v))[1] to termination of parental rights. We affirm.

BACKGROUND

In August 2009, the San Diego County Health and Human Services Agency (the Agency) filed dependency petitions for Gabriela's sons (together the siblings) Angel B., then nearly 10 years old, and Fernando A., then five and one-half years old. The petitions alleged domestic violence between Gabriela and the siblings' father. In September, the court made true findings on the petitions. In June 2010, Gabriel was born. In February 2011, at the siblings' 18-month review hearing, the court ordered the siblings returned to Gabriela's care.

In August 2011, when Gabriel was one year old, the Agency filed a dependency petition for him with the following allegations: Gabriela had resumed drinking alcohol to excess, exacerbating the risk of domestic violence; she was in a new relationship with a man, and had a history of exposing the siblings to domestic violence; and she had been leaving Gabriel and the siblings home alone.

Gabriel was detained in Polinsky Children's Center for a few days and then moved to a foster home. The Agency filed a supplemental petition (§ 387) for the siblings, and they were detained in a different foster home.

---

1       All further statutory references are to the Welfare and Institutions Code.

In October 2011, the court made true findings on Gabriel's petition and ordered him placed in foster care. At the six-month review hearing in April 2012, the court set a section 366.26 hearing. In December, Gabriel was moved to the home of an approved family that wished to adopt him. That family had not decided whether it would be willing to care for the siblings.

The section 366.26 hearing for Gabriel and the siblings was held in February 2013. The Agency recommended permanent plans of adoption for Gabriel and Fernando, and another planned permanent living arrangement for Angel.[2] The Agency hoped to find an approved family willing to accept the recommended permanent plans: adopt Gabriel and Fernando; and care for Angel long-term. The siblings had a strong bond with each other.

The court terminated parental rights to two-and-one-half-year-old Gabriel. The court found there was a probability of adoption for 14-year-old Angel and eight-year-old Fernando, but they were difficult to place for adoption because they formed a sibling group. (§ 366.26, subd. (c)(3).) The court directed the Agency to search for an adoptive home for Gabriel and the siblings together. The court set a further section 366.26 hearing for the siblings, to coincide with a postpermanency planning review hearing for Gabriel.

DISCUSSION

The Agency has filed a motion to augment the appellate record with postjudgment evidence and to dismiss this appeal as moot. The evidence consists of notices the Agency

---

[2] At various times, each sibling said he did not wish to be adopted.

filed in the juvenile court on April 29, 2013, stating it had found an adoptive home for Gabriel and the siblings, and planned to move the siblings on April 8 and Gabriel on April 10 to that home. Gabriela opposes the motion, arguing it is untimely and citing the general rule that judgments are reviewed according to the evidence that was before the trial court. We grant the augmentation motion, and take into account the fact Gabriel and the siblings were moved into a prospective adoptive home in April. The new evidence does not render the appeal moot, however; it merely suggests that termination may not substantially interfere with the relationship between the siblings and Gabriel. We decline to dismiss the appeal.

If a child is adoptable,[3] the court must terminate parental rights at the section 366.26 hearing unless the parent proves the existence of a statutory exception. (§ 366.26, subd. (c)(1).) Section 366.26, subdivision (c)(1)(B)(v), provides an exception when termination would substantially interfere with the child's relationship with sisters or brothers and the severance of the relationship would be so detrimental to the child to outweigh the benefits of adoption. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 951-953; § 366.26, subd. (c)(1)(B)(v).) The juvenile court must "balance the beneficial interest of the child in maintaining the sibling relationship, which might leave the child in a tenuous guardianship or foster home placement, against the sense of security and belonging adoption and a new home would confer." (*In re L.Y.L.*, at p. 951, citing *In re Autumn H.* (1994) 27 Cal.App.4th 567, 575.) Factors to be considered include whether the children

_____

3      Gabriela does not challenge the adoptability finding.

4

were raised in the same home; whether they shared significant common experiences or have existing close and strong bonds; and whether ongoing contact is in the child's best interests, including his or her long-term emotional interests, as compared to the benefits of adoption. (§ 366.26, subd. (c)(1)(B)(v).) "[T]he application of this exception will be rare, particularly when the proceedings concern young children whose needs for a competent, caring and stable parent are paramount." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1014.)

Here, the court found termination of parental rights would not substantially interfere with Gabriel's relationship with the siblings and, in any case, the benefits he would derive from adoption would outweigh any benefits from ongoing sibling contact. Examining the evidence most favorably to the judgment, we conclude substantial evidence supports the finding. (*In re L.Y.L., supra,* 101 Cal.App.4th at pp. 947, 952.) Gabriel lived with the siblings for only six months, between February and August 2011. He did not live with them for the first eight months of his life, or during the one and one-half years between the date of his detention and the date of his section 366.26 hearing. The Agency intended to find a single permanent placement for Gabriel and the siblings, and during this case they had regular visits.[4] Gabriel did not ask for the siblings between visits. When he saw them, he did not run to greet them. He reacted to them as he did to the social worker or any other friendly visitor. At the end of visits, Gabriel "just [walked]

---

[4]    Gabriel saw the siblings every other weekend and at other times. At the time of the hearing, he had not seen them since "around Christmastime."

5

away and . . . only sometimes [said] bye."  The social worker believed Gabriel did not have a strong bond with the siblings.

Gabriela argues the Agency's efforts to place Gabriel with the siblings, and the court's order that the Agency find one adoptive home for all three boys, are inconsistent with the Agency's assertion and the court's determination that the sibling relationship exception did not apply.  There is no inconsistency.  This appeal concerns Gabriel only.  The issue is whether, if termination would substantially interfere with the sibling relationship, detriment would befall Gabriel, not the siblings.  (*In re Celine R.* (2003) 31 Cal.4th 45, 54.)  The hearing in the juvenile court, however, concerned all three boys, and the Agency and the court focused equally on possible detriment to all of them.  The Agency made a recommendation and the court fashioned an order that took into account the interests of Gabriel and the siblings.

DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.